UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1036 FMO (JCx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | Jason Fellows v. FCA US, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On December 19, 2019, plaintiff Jason Fellows ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against FCA US, LLC ("FCA" or "defendant"), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Complaint), asserting state-law claims relating to the purchase of an allegedly defective vehicle. (See Dkt. 1-1, Complaint at ¶¶ 14-34). Specifically, plaintiff alleges that defendant's failure to repair the vehicle's alleged defects breached warranties under California's Song-Beverly Act, Cal. Civ. Code §§ 1790, et seq. (See id. at ¶¶ 5-34). Plaintiff seeks replacement of the vehicle or restitution; damages, including incidental and consequential damages; and the civil penalty provided in the Song-Beverly Act. (See id. at p. 9). On January 31, 2020, FCA removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at p. 1). Plaintiff now seeks remand. (See Dkt. 15, Motion to Remand ("Motion")).

**LEGAL STANDARD**

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1036 FMO (JCx) | Date | May 18, 2020 |
|---|---|---|---|
| Title | Jason Fellows v. FCA US, LLC | | |

"longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, two requirements must be met. See 28 U.S.C. § 1332. First, complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint indicates that the court has subject matter jurisdiction over this case because the requirements for the exercise of diversity jurisdiction are met. See 28 U.S.C. § 1332. First, complete diversity between the parties is present here. Plaintiff is a citizen of California, (Dkt. 15, Motion at 3) ("On or around February 28, 2018, Plaintiff, a citizen of California, purchased a new 2018 Dodge Charger[.]"), and FCA is not. (See Dkt. 1, NOR at ¶ 7). Because the parties are "citizens of different states[,]" 28 U.S.C. § 1332(a), diversity of citizenship is present here.

Second, defendant has shown that the amount in controversy is more than $75,000. Plaintiff seeks "restitution of the amount actually paid or payable under the contract," consequential and incidental damages, and a civil penalty "in an amount not to exceed two times Plaintiff's actual damages." (Dkt. 1-1, Complaint at ¶¶ 31-33). Here, the "actual price paid or payable by [plaintiff,]" id. § 1793.2(d)(2)(B), is $40,824.40, which includes the financed amount of $35,724.40 and a down payment of $5,100.00. (Dkt. 16-3, Exh. 2, RISC); Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Taking into account any reduction for use as provided under the Song-Beverly Act, see Cal. Civ. Code § 1793.2(d)(2)(C), yields an actual damages amount of $34,474.50. (See Dkt. 1, NOR at ¶ 11, n. 2; see, generally, Dkt. 15, Motion; Dkt. 17, Reply). Given plaintiff's request for civil penalties, (Dkt. 1-1, Complaint at ¶ 31), which equates to "two times the amount of actual damages[,]" Cal. Civ. Code § 1794(c), the amount in controversy is approximately $103,422.50, satisfying the jurisdictional minimum for the exercise of diversity jurisdiction.[2] See 28 U.S.C. § 1332(a).

---

[2] Plaintiff's arguments for remand are unpersuasive. With respect to plaintiff's argument that comity principles weigh in favor of remand, (see Dkt. 15, Motion at 6), "federal court have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them[,]'" Gonzalez v. FCA US LLC, 2020 WL 1444941, *3 (C.D. Cal. 2020) (quoting Colorado River Water Conservation Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-1036 FMO (JCx)** | Date | **May 18, 2020** |
|---|---|---|---|
| Title | **Jason Fellows v. FCA US, LLC** | | |

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 15)** is **denied without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

v. United States, 424 U.S. 800, 817 (1976)), and thus remand is inappropriate here.  For purposes of the instant Motion, plaintiff's stated intent to add a nondiverse defendant is irrelevant.  If plaintiff subsequently names a California defendant, he may move for remand at that point.  See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.").